## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

RANDY GERALD HELTON, :
:
Plaintiff, :
: No. 1:11-CV-77-WLS-TQL
vs. :
:
SERGEANT BURKS, et. al., :
:
Defendants. :
_____ :

## ORDER & RECOMMENDATION

Plaintiff **RANDY GERALD HELTON**, a prisoner at the Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). On July 6, 2011, this Court granted Plaintiff's Motion to Proceed *in forma pauperis* but found that Plaintiff had sufficient funds to prepay a portion of the filing fee. The Court thus ordered Plaintiff to pay an initial partial filing fee of $3.40. Plaintiff has since responded [Doc. 12] and advised the Court that he does not have sufficient funds to pay even this amount. To support his claim, Plaintiff submitted an updated copy of his account statement [Doc. 13], which shows that he has not received any deposits in the last sixty days and that he presently has no funds to prepay any portion of the filing fee.

In light of this, the Court finds that Plaintiff is currently unable to prepay any portion of the filing fee, and he will thus be allowed to proceed without prepayment. Plaintiff, however, is still obligated to pay his filing fee, as discussed later in this Order and Recommendation. Therefore, the Clerk is **DIRECTED** to send a copy of this Order and Recommendation to the business manager of the facility where Plaintiff is currently incarcerated.

Having now reviewed Plaintiff's Complaint[1] pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff sufficiently states claims against Deputy Warden **Remika Christian** and **Sergeant Burks** for alleged violations of his First and/or Eighth Amendment rights. Those claims will be allowed to proceed beyond the frivolity review stage. It is **RECOMMENDED**, however, that Defendants **Georgia Department of Corrections**, **"Medical" at Dooly State Prison**, **"Medical" at Calhoun State Prison**, and Plaintiff's claims against **Remika Christian** for denial of medical care in violation of the Eighth Amendment be **DISMISSED** from this action under 28 U.S.C. § 1915A(b). It is likewise **RECOMMENDED** that Plaintiff's claims for injunctive relief be **DISMISSED** for failure to state a claim and that his requests to be transferred to a new facility or placed in protective custody be **DENIED**.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of

---

[1] After filing the present Complaint, Plaintiff filed a second lawsuit in this District based on the same facts alleged in this action. That case, Helton v. Christian, 5:11-cv-255-MTT-CHW, was accordingly consolidated with this case, and the allegations of that complaint are considered herein. The Court has also considered the allegations contained in both of Plaintiff's supplements [Doc. 7 & 14] as well as Plaintiff's motions to Court [Doc. 12, 16, & 17].

facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

**STATEMENT AND ANALYSIS OF CLAIMS**

At the time of the events giving rise to the present action, Plaintiff **RANDY GERALD HELTON** was a prisoner at both Dooly State Prison and Calhoun State Prison.[2] According to the allegations in the Complaint, Plaintiff began having trouble with his eyes in early 2011 and filed multiple "sick calls" at Dooly State Prison to see an eye doctor. When he did not receive the services requested, Plaintiff filed a grievance "on Medical" and asked Deputy Warden of Care and

---

[2] Plaintiff alleges that he was at Dooly State Prison from January 17, 2011, until March 24, 2011, at which time he was transferred to Calhoun State Prison. The events involved in this lawsuit are alleged to have occurred during the period from January 17, 2011, through May 16, 2011.

3

Treatment Remika Christian and the head warden to assist him in getting medical treatment. They allegedly agreed, and when the grievance came back, it stated that Plaintiff "was on the list to see [an] eye doctor." According to Plaintiff, however, he was never allowed to see the eye doctor, and so he "wrote Mrs. Christian up for lieing [sic] and being a raciale's [sic] and not doing her job . . . ." In response, Defendant Christian told Plaintiff that she was going to send him to Calhoun State Prison "and let my husband deal with you."

Plaintiff was transferred back to Calhoun State Prison on March 24, 2011. When he arrived at Calhoun, "Mr. Christian" (assumed to be Remika Christian's husband) told Plaintiff that he was going to be housed in "H-2 where all the black crips and GD's live" and that "his boys the Blood's [sic] was going to beat [Plaintiff] up" because Plaintiff "wrote his wife up." Because of this threat, Plaintiff requested protective custody. This request was denied. Shortly thereafter, Plaintiff was "written up" for "refusing to go back to population." At some point later, "Sgt Christian" (assumed to be the same as "Mr. Christian") came to Plaintiff's cell "J-1 #119" and reminded Plaintiff, "I told you I wood [sic] get you one way or another."

On May 16, 2011, Plaintiff appeared in "D.R. Court." While there, "L.T.'s" phone rang; so he told Plaintiff to step to the side. Plaintiff complied but stepped in front of "the fan." When Plaintiff did this, Defendant Sergeant Burks[3] told Plaintiff to move from in front the fan. Plaintiff states, however, that before he could move, Sergeant Burks grabbed "me from behind my back by my hands whice [sic] are cuffed and slamb's [sic] me into the wall and some lockers and grab my ass [and] whispers in my ear [']I told you I can do anything I want to you.[']." Plaintiff then screamed, "She's use [sic] force on me and sexual abuse and yall have not took picturn's [sic] or tooking [sic] me to medical."

Plaintiff suffered injuries to his back and shoulders as a result of the assault.[4] Plaintiff was

---

[3] Plaintiff actually names "Sergeant Burk's" in his Complaint. The spelling of the name was corrected by the Clerk and listed on the Docket as "Sergeant Burks."

[4] In the body of his Complaint, Plaintiff initially claims to have suffered injury to his back and both shoulders. In his prayer for relief and in a subsequent filing, he refers to injuries to his "back and arms" and "back and wrists." The Court assumes these are all from the same incident.

4

taken to "Medical" the next day, where he was given some Ibuprofen and told to fill out another "sick call" if the pain persisted. According to Plaintiff, he has since filed two or three additional "sick call[s]" and has requested that he be provided with more "Excedrin,"[5] but has been denied care by "Medical."

Following these events, Plaintiff was sent to Autry State Prison for a mental health evaluation, and he wrote Inmate Affairs, Commissioner Owens, and Governor Deal to tell them about the incident. Plaintiff also requested protective custody on the same day of the incident, May 16, 2011, but his request was denied by Sergeant Burks herself.

Plaintiff now brings the present suit in which he requests that the Court "make Mrs. Christian do her job" and "make Medical do their Job at Dooly State Prison." Plaintiff further wants Sergeant Burks to have to "go to prison for sexual abuse and aggravated assaulted [sic] and pay me for hurting my back [and] my arms." Finally, Plaintiff asks that the Court "make "Medical" (presumably at Calhoun State Prison) do their job and stop extorting my money and not[] treating me" and order that his medical records be released to him. Plaintiff's Complaint names multiple defendants: **the Georgia Department of Corrections**, **Sergeant Burks**, **Remika Christian**, **"Medical" at Dooly State Prison**, and **"Medical" at Calhoun State Prison**.

At the outset, the Court notes that Defendant Georgia Department of Corrections, "Medical" at Dooly State Prison, and "Medical" at Calhoun State Prison are not proper parties to this action. The Georgia Department of Corrections is not a "person" who may be sued in an action brought under §1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). A state prison's medical department is likewise not a person or an entity subject to suit because it does not have legal existence. Spires v. Paul, 2011 WL 2604726 at *2 (S.D. Ga. June 7, 2011). It is accordingly **RECOMMENDED** that Defendants **Georgia Department of Corrections**, **"Medical" at Dooly**

---

[5] Plaintiff attached a copy of a "Health Services Request Form" to his Complaint. In light of the liberal pleading requirements for *pro se* complaints, the Court will treat the information in the attachment as allegations in support of his claims. It should be noted, however, that it is unclear whether Plaintiff needed the "Excedrin" because of pain in his back and shoulders or for a pre-existing migraine condition he alleges to have. See June 17, 2011 Supp. to Compl. [Doc. 7].

**State Prison**, and **"Medical" at Calhoun State Prison** be **DISMISSED** from this action.

With respect to the claims asserted against the remaining Defendants, this Court is required to construe the allegations in Plaintiff's *pro se* Complaint liberally. Phillips v. Mashburn, 746 F.2d 782, 784 (11th Cir. 1984). Based upon the allegations made and the relief sought by Plaintiff, the Court finds that he has likely attempted to state claims for (1) denial of medical care; (2) retaliation; (3) conspiracy; (4) excessive force / sexual assault; and (5) injunctive relief. Each of these perceived claims will be addressed in turn below.

**1. Denial of Medical Care**

Plaintiff first claims that he was denied proper medical care for an eye condition at Dooly State Prison. Significantly, Plaintiff only names Deputy Warden **Remika Christian** as a defendant and fails to name any individual in the prison medical department responsible for the actual denial.

To state a cognizable claim for inadequate medical treatment, Plaintiff must allege acts or omissions amounting to deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). These allegations must satisfy both an objective and subjective component. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by* Hope v. Peltzer, 536 U.S. 730, 739 (2002). Thus, to survive a frivolity review, a plaintiff first must allege that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would recognize the necessity for a doctor's attention. Hill, 40 F.3d at 1187.

The allegations in the complaint must also suggest that the defendant had subjective knowledge of a risk of serious harm to the plaintiff and disregarded that risk. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Here, even taking all of his allegations as true, Plaintiff's Complaint fails to state a viable claim for denial of adequate medical care. First, he fails to allege the existence of any "objectively serious medical condition." Plaintiff does not provide any specific information about the severity or nature of his eye condition or explain how the condition worsened because of lack of medical care. Plaintiff has likewise failed to allege that he is "at risk of serious harm" from the alleged lack of treatment. Plaintiff merely alleges that his eyes are "messed up," that he feels his "8 and 14 right was tooking [sic] away," and that his eyes may have been "OK with new glasses." Plaintiff has thus failed to allege either that he suffers from an eye condition which was diagnosed by a doctor as mandating treatment or an eye condition which is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.[6]

Even if this medical condition could be considered "objectively serious," Plaintiff also fails to allege that Deputy Warden Christian "had subjective knowledge of a risk of serious harm to the Plaintiff and disregarded that risk." Bozeman, 422 F.3d at 1272. Plaintiff does not identify what treatment he was denied or who was responsible for the alleged denial. Indeed, there are no allegations in the Complaint to suggest that the alleged denial of medical treatment was anything more than inadvertence or mere negligence by prison staff. Farrow, 320 F.3d at 1243.

Most importantly, it is unclear how the named defendant, Deputy Warden Christian, personally participated in or contributed to the alleged constitutional deprivation. It is well-settled that wardens and other supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v.

---

[6] The same is true with Plaintiff's failed attempt to state a claim against "Medical" at Calhoun State Prison based upon the alleged denial of medical care for his back and shoulder. Even if Plaintiff had named the individual persons who denied him medical care, the Complaint does not allege that his injuries were "objectively serious." It merely alleges that Plaintiff's back and shoulder hurt after the incident with Sergeant Burks and that prison officials delayed in providing him Ibuprofen. Plaintiff does not claim to still suffer from pain in his back and shoulder or allege "any risk of serious harm" if his injuries go untreated. In fact, on the "Health Services Request Form" supplementing the Complaint, Plaintiff merely requests to be provided with "Excedrin," a mild pain reliever. An Eighth Amendment claim based upon these facts would thus fail as well.

7

Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To state a viable claim against a supervisory official, a prisoner must allege that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id. Plaintiff has failed to do so here.

At best, Plaintiff alleges that Deputy Warden Christian wrongly denied his grievance against "Medical" at Dooly State Prison. The mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983. See Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005) (per curium); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Furthermore, even if Defendant Christian did mishandle Plaintiff's grievance, prisoners have no constitutionally protected interest in the inmate grievance procedure, and thus, such allegations do not state a constitutional claim. Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005).

For these reasons, the Court finds that Plaintiff has failed to state a cognizable Eighth Amendment claim based on the alleged denial of medical care. It is, therefore, **RECOMMENDED** that this claim against Deputy Warden **Remika Christian** be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).[7]

**2. Retaliation**

In his Complaint, Plaintiff also appears to describe a claim against Deputy Warden **Remika Christian** for retaliation in violation of his First Amendment Rights. Therein, Plaintiff alleges that, when he was not allowed to see an eye doctor, he "wrote Mrs. Christian up for lieing [sic] and being a raciale's [sic] and not doing her job. . . ." Deputy Warden Christian then allegedly told Plaintiff that she was transferring him to Calhoun State Prison to "let my husband deal with you." A short

---

[7] It does not appear that Plaintiff intended to name the "head warden," Commissioner Brian Owens, or Governor Deal as parties to this action, though he does reference them in his Complaint. However, if Plaintiff did attempt to allege claims against these individuals, the Court would also recommend that such claims be dismissed for the same reasons discussed above.

time later, Plaintiff was indeed sent to Calhoun State Prison, and when he arrived there, Plaintiff was allegedly met by "Mr. Christian," who told Plaintiff that he was going to have someone "beat" him because Plaintiff "wrote his wife up."

The First Amendment "forbids prison officials from retaliating against prisoners for exercising the right of free speech." Jemison v. Wise, 386 Fed. Appx. 961, 964 (11th Cir. 2010) (quoting Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003)). Thus, "[e]ven though a prisoner does not have a liberty interest in not being transferred to another prison, he may state a retaliation claim by alleging that he was transferred due to his filing of a grievance or lawsuit concerning his conditions of his confinement." Id. To establish such a claim, however, a prisoner must show a causal connection between his protected conduct and the prison official's action in having him transferred. Id. at 964-65; Farrow, 320 F.3d at 1248-49. "In other words, the prisoner must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit." Jemison, 386 Fed. Appx. at 965.

Based on the allegations in the Complaint, the Court finds that Plaintiff has sufficiently plead the required causal connection. Indeed, it has been said that "[s]pecifying the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation." Johnson v. Bowers, 2006 WL 3069703 at *2 (S.D. Ill. October 26, 2006) (citing Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002)). Accordingly, Plaintiff's retaliation claim against Deputy Warden **Remika Christian** cannot be dismissed at this point in the litigation.

### 3. Conspiracy

The allegations in Plaintiff's Complaint also suggest a possible claim for conspiracy. "Conspiring to violate another person's constitutional rights violates § 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283-84 (11th Cir. 2002). "To establish a prima facie case of conspiracy under § 1983, the plaintiff must show that the defendants reached an understanding to violate his constitutional rights." Gottschalk v. Gottschalk, 2011 WL 2420020 at *6 (11th Cir. June 16, 2011) (citing Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002)). The plaintiff need not produce a "smoking gun," but he must provide "some evidence of agreement

between the defendants." Rowe, 279 F.3d at 1283–84. Thus, in the absence of direct evidence of an agreement, one can be inferred from the defendants' actions. See Burrell v. Board of Trustees of Ga. Military Coll., 970 F.2d 785, 788–89 (11th Cir. 1992).

Here, Plaintiff essentially alleges that Remika Christian, Mr. Christian,[8] and Sergeant Burks conspired to assault or injure Plaintiff in retaliation for his filing a grievance against Mrs. Christian at Dooly State Prison. According to the Complaint, Plaintiff filed a grievance against Remika Christian, and she in turn transferred Plaintiff to Calhoun State Prison so that her "husband" could "deal with" him. Upon his arrival at Calhoun, Mr. Christian essentially told Plaintiff that he would be beat up because he filed a grievance against Mr. Christian's wife. A short time later, Plaintiff was "written up" for "refusing to go back to population," and before his appearance in D.R. court, Mr. Christian visited Plaintiff's cell and reminded Plaintiff of his prior threat, saying, "I told you I wood [sic] get you one way or another." When Plaintiff appeared in D.R. Court, Defendant Burks assaulted Plaintiff, without provocation or cause. After she did so, Sergeant Burks allegedly echoed Mr. Christian's threat by whispering, "I told you I can do anything I want to you."

Clearly, Plaintiff does not allege the existence of any "smoking gun" in his Complaint, and there is no *clear* connection between Defendant Burks' actions at D.R. Court and the alleged threats by Remika Christian and her husband. However, for the purposes of the present review, the Court finds that Plaintiff has sufficiently alleged facts demonstrating that Remika Christian, Mr. Christian, and Defendant Burks may have "reached an understanding to violate his constitutional rights." The Court will thus allow the conspiracy claim against Deputy Warden **Remika Christian** and **Sergeant Burks** to go forward.

### 4. Excessive Force & Sexual Assault

Plaintiff's next claims arise from Sergeant Burks' assault on Plaintiff at D.R. Court. In the Complaint, Plaintiff alleges that Sergeant Burks grabbed him from behind by his hands, which were

---

[8] Though Plaintiff makes allegations against "Mr. Christian" in the body of his Complaint, he has not named him as a defendant in this action. If Plaintiff would like Mr. Christian to be a named defendant, he should attempt to amend his Complaint in accordance with Fed. R. Civ. P. 15.

already cuffed, and slammed him into a wall. Sergeant Burks then proceeded to grab Plaintiff's buttocks and whisper, "I told you I can do anything I want to you." Plaintiff apparently suffered minor injuries to his back and shoulders as a result.

The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain, . . . the infliction of pain totally without penological justification . . . , [and] the infliction of punishment grossly disproportionate to the severity of the offense." Ort v. White, 813 F.2d 318, 321 (11th Cir. 1987). Prisoners also have a right under the Eighth Amendment "to be free from sexual abuse, whether at the hands of fellow inmates or prison guards." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Liner v. Goord, 196 F.3d 132, 135-36 (2nd Cir. 1999) ("[A]llegations of sexual abuse may state an Eighth Amendment claim under Section 1983.") (internal alterations omitted). The sexual touching of an inmate, even if not violent, certainly "advances no legitimate penological purpose." Harris v. Donaldson, 2008 WL 4592828 at *3 (S.D. Ga. Oct. 14, 2008).

To state an Eighth Amendment claim in this context, however, a plaintiff must allege conduct by the defendant that was objectively "harmful enough" to establish a constitutional violation and that the defendant "act[ed] with a sufficiently culpable state of mind," i.e., that she acted "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7-8, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992). When the claim is based upon an alleged "sexual assault," the plaintiff must specifically allege facts demonstrating that the physical touching involved was malicious and sadistic and "offensive to human dignity." Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000). Thus, regardless of the nature of the assault, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The law requires courts to consider "the need for the application of force; the relationship between the need and the amount of force that was used; and the extent of the injury inflicted upon the prisoner." Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987). A plaintiff, therefore, can establish an Eighth Amendment violation even in the absence of serious or significant injury. Hudson, 503 U.S. at 9. The degree of injury received is merely relevant in determining whether more than de minimis force was used by officers. See id. at 10.

Here, it appears Plaintiff suffered only minor injuries to his back and shoulders. The Complaint clearly alleges, however, that the assault occurred when Plaintiff posed no threat to Sergeant Burks, himself, or any other inmate. Plaintiff alleges that he was compliant, not disruptive, and was in fact already "cuffed" at the time of the assault. Such circumstances suggest that Sergeant Burks' use of force in this instance may have been excessive. See Smith v. Hough, 2010 WL 3855204 at *3 (M.D. Ga. Sept. 28, 2010) (finding jury could conclude force was excessive if evidence showed that prisoner was handcuffed at the time force was used); Galvez v. Bruce, 552 F.3d 1238, 1244-45 (11th Cir. 2008) (allowing excessive force claim where officer slammed a misdemeanor suspect into concrete after he was handcuffed, posed no risk or danger, and offered no resistance). Sergeant Burks' statement to Plaintiff during the assault likewise suggests that Burks was acting "maliciously and sadistically to cause harm" and not to maintain or restore discipline.

Plaintiff has also attempted to base his Eighth Amendment claim on Sergeant Burks' act of "grabbing" his buttocks, i.e., the "sexual assault." The United States Court of Appeals for the Eighth Circuit has addressed whether the brief touching of an inmate's buttocks is sufficient to maintain a § 1983 action. See Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998). In that case, the inmate alleged that he was touched on his buttocks by two prison employees on two separate occasions, but he did not allege that the touching was "accompanied by any sexual comments or banter" or that he actually feared sexual abuse. Id. at 1076. Based on this, the Eighth Circuit held that the brief touches to the inmate's buttocks could not be construed as a "sexual assault" sufficient to violate the Eighth Amendment. Id. at 1077.

Here, as in Berryhill, the Complaint alleges only a brief touching of Plaintiff's buttocks. Such contact, without more, is not sufficient to support an Eighth Amendment claim. See id. Unlike in Berryhill, however, Plaintiff has alleged that the touching was accompanied by the comment, "I can do anything I want to you," and Plaintiff has since articulated fear that Sergeant Burks will assault him again. Because of these combined allegations, the Court is unable to find that Plaintiff's Eighth Amendment claim is entirely frivolous. The Court will thus allow this claim against Defendant **Sergeant Burks** to proceed beyond the frivolity review stage.

**5. Injunctive Relief**

Finally, in his Complaint and through motions filed, Plaintiff seeks injunctive relief. In his Complaint, Plaintiff requests that the Court "make Mrs. Christian do her job . . . ," send Sergeant Burks "to prison for sexual abuse and aggravated assaulted [sic]," and "make "Medical" (presumably at Dooly State Prison) do their job" and "stop extorting my money."[9]

Because Plaintiff is no longer incarcerated at Dooly State Prison, the Court must **RECOMMEND** that Plaintiff's claims for injunctive relief against Deputy Warden **Remika Christian** be **DISMISSED** for failure to state a claim. Under established law in this Circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).[10] It is also **RECOMMENDED** that Plaintiff's claim for injunctive relief against **Sergeant Burks** be **DISMISSED**. This Court is without authority to simply order that Sergeant Burks go "to prison for sexual abuse and aggravated assaulted [sic]" even if Plaintiff's claims are later found to be meritorious. The Court likewise has no jurisdiction to institute criminal proceedings against Sergeant Burks. See Bennett v. Hall, 2010 WL 4024006 at *2 (M.D. Ga. Sept. 13, 2010).

Plaintiff's attempt to state a claim for injunctive relief against "Medical" at Calhoun State Prison also fails. First of all, as previously noted, a prison's medical department is not an entity or person upon which an injunction can be imposed. Moreover, even if this Court could issue an injunction against "Medical" personnel requiring that Plaintiff be provided medical treatment, Plaintiff's Complaint only requests that they be ordered to "do their job" and "stop extorting money." The Federal Rules require requests for injunctions to be specific – an injunction which merely orders the defendants to "do their job" is too broad and too vague to be enforceable. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). Likewise, the Court cannot

---

[9] The Court construes Plaintiff's plea for an order requiring that his medical records be released to him to be a request for discovery rather than a claim for injunctive relief. That request has already been denied as premature. See Order, July 16, 2011 [Doc. 11].

[10] For this same reason, Plaintiff could not state a claim for injunctive relief against any individual in the "Medical" department at Dooly State Prison.

issue a broad injunction requiring an individual to "stop extorting money" or obey the law. SEC v. Smyth, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable.") (quoting Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1222 (11th Cir. 2000)). Finally, Plaintiff has failed to establish the requisite need for such an injunction. He does not allege any facts suggesting that irreparable injury will be suffered unless an injunction issues. See Bruce v. Reese, 2011 WL 2438955 at *2 (11th Cir. June 20, 2011) (Slip Copy) (affirming denial of injunctive relief to prisoner who failed to show that he was likely to suffer an irreparable injury unless the court granted the injunction).

Though not clearly stated in his Complaint, Plaintiff has additionally requested injunctive relief in his "Motions to Court" [Doc. 12]. Therein, Plaintiff appears to request that he be moved to another prison facility because he fears retaliation from Sergeant Burks or from other officers on Sergeant Burks' behalf. Well-established law provides that prisoners have no constitutional right to remain in, or be transferred to, a particular institution. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Because prisoners do not have the right to remain incarcerated within a particular geographic area or at a particular prison, Plaintiff has no legal right to a court order directing his transfer.

However, should Plaintiff be able to articulate *specific* facts indicating he faces a risk of physical harm from a prison official, he does have the right to request being placed in protective custody. Thus, if Plaintiff in fact needs the Court's assistance in requesting protective custody, Plaintiff should file a motion explaining, as specifically as possible, what threats were made, when they were made, and exactly who made the threats. Plaintiff shall note that preliminary injunctive relief will not be granted because of a past injury or a mere perceived or suspected threat of harm; he must show that irreparable injury will be suffered unless an injunction issues. See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005), *cert. denied*, 547 U.S. 1192, 126 S.Ct. 2862, 165 L.Ed.2d 895 (2006).

In fact, the standard for issuing a preliminary injunction requires that the party seeking relief

14

demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted. Id. A preliminary injunction should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). So far, Plaintiff's requests have fallen well short of meeting this burden. His vague allegation that he "has been threaten [sic] by 4 or 5 office[rs] that they are going to harm me so Sgt. Burks w[on't] have a civle [sic] suit on her" is insufficient to justify the extraordinary remedy of injunctive relief. This is especially true in light of the deference that the federal courts must afford state prison officials in their administration of state prisons. See generally Preiser v. Rodriquez, 411 U.S. 475, 491-92 (1973). Plaintiff's Motion [Doc. 12] is accordingly **DENIED** at this time.

Plaintiff's renewed requests for discovery and for appointment of counsel [Doc. 12 & 16] are also **DENIED**. As previously stated, Plaintiff's requests are premature. Until such time as the Court has an opportunity to review the responsive pleadings, it cannot properly evaluate Plaintiff's need for counsel or discovery. Should it become apparent later in the proceedings that counsel needs to be appointed or that discovery must be compelled, the Court will entertain a motion at that time. For this same reason, Plaintiff's motion requesting that his case go to trial [Doc. 17] is **DENIED**.

Plaintiff's request for copies of "2 or 3 Grievances and other loose paper[s]" is **MOOT**. The Docket shows "Plaintiff's original papers" were "returned to him as requested" on July 14, 2011. Plaintiff's renewed Motion to Proceed IFP [Doc. 18] is likewise deemed to be **MOOT**, as the Court has already found that Plaintiff may proceed without prepayment of his filing fee.

**CONCLUSION**

Ultimately, it appears that Plaintiff has stated a First Amendment retaliation claim against Defendant **Deputy Warden Remika Christian**, an Eighth Amendment excessive force claim against Defendant **Sergeant Burks**, and a conspiracy claim against both Defendants **Christian** and

15

**Burks**. For the reasons stated above, however, the Court finds that Plaintiff failed to state a cognizable Eighth Amendment claim for denial of medical care or any claim for injunctive relief. It is, therefore, **RECOMMENDED** that those claims be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Court further **RECOMMENDS** that the **Georgia Department of Corrections**, **"Medical" at Dooly State Prison**, and **"Medical" at Calhoun State Prison** be **DISMISSED** from this action because they are not entities which may be sued under § 1983. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this order.

Plaintiff's Motion for injunctive relief [Doc. 12] is **DENIED** for the reasons previously stated. Plaintiff's renewed requests for discovery and for appointment of counsel [Doc. 12 & 16] and Plaintiff's Motion for trial [Doc. 17] are also **DENIED**. Plaintiff's request for specific documents [Doc. 12] and renewed Motion to Proceed IFP [Doc. 18] are deemed **MOOT**.

Because the Court finds that Plaintiff states plausible First and/or Eighth Amendment claims against **Deputy Warden Remika Christian** and **Sergeant Burks**, this action shall go forward, but only against these two Defendants for the claims identified herein. It is further **ORDERED** that service be made against these Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d). **All parties shall further take note of the rules and requirements discussed below.**

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided

prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests which exceed these limitations.

### **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting

authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments

and fails to do so.

>**SO ORDERED**, this 3rd day of August, 2011.

>>*s/THOMAS Q. LANGSTAFF*
>>UNITED STATES MAGISTRATE JUDGE

jlr