IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RANDY GERALD HELTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : 1 : 11-CV-77 (WLS) |
| GEORGIA DEPARTMENT OF | : |
| CORRECTIONS, *et al*, | : |
| | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on June 8, 2011. (Doc. 1). Presently pending in this action are Plaintiff's Motions for the Appointment of Counsel, Motions for Injunctive Relief, Motion to Order Dooly State Prison to Produce, and Motion to Amend.  (Docs. 24, 25, 26, 28, 33, 39, 41, 42, 47, 50).  Also pending is Defendants R. Christian and Burks's Motion to Stay Discovery.  (Doc. 49).

*Appointment of Counsel (Docs. 24, 25, 28, 39, 47, 50)*

Plaintiff has filed six (6) Motions to Appoint Counsel since August 5, 2011.  Generally speaking, no right to counsel exists in § 1983 actions.  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.  *See Holt*

*v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motions for Appointment of Counsel are **DENIED** at this time.

*Motion for Production (Doc. 41)*

Plaintiff filed this Motion requesting the Court order Calhoun State Prison to provide Plaintiff with all statements on excessive force and sexual assault written on May 16, 2011. Pursuant to this Court's Order dated August 3, 2011, discovery was to commence when an Answer or a dispositive motion was filed and was to be completed within 90 days, unless extended by Order of the Court upon a showing of good cause.  (Doc. 19).  A Motion to Dismiss was filed by Defendants on October 26, 2011. (Doc. 48).  Therefore, discovery began on October 26, 2011, and was set to expire on or about January 24, 2012.

Discovery had not yet commenced on August 31, 2011, the date Plaintiff filed this Motion. Also, there is no indication that any discovery was served on Defendants, and it is up to the Plaintiff to conduct his own discovery; it is not for the Court to conduct Plaintiff's discovery for him. Accordingly, Plaintiff's Motion requesting the production of documents is hereby **DENIED**.

*Motion to Stay Discovery (Doc. 49)*

Defendants Burks and R. Christian filed a Motion to Stay Discovery, requesting the Court stay discovery and other proceedings until their Motion to Dismiss has been resolved.  The Motion

is hereby **GRANTED in part** as follows:  Discovery is stayed until the pending Motion to Dismiss has been resolved or until further order of the Court, except that discovery may now take place as to the issues presented in these two Defendants' Motion to Dismiss regarding Plaintiff's exhaustion of administrative remedies.  The 90-day discovery period referenced in the Court's Order of August 3, 2011 shall otherwise begin on the date that an order from a district judge is filed which adjudicates the pending Motion to Dismiss.  The discovery period as to any additional Defendants to this lawsuit is not affected by this Order and shall run from the date any such additional Defendants file an Answer or Pre-Answer Motion to Dismiss.

*Injunctive Relief (Docs. 26, 33)*

Plaintiff has filed two Motions requesting the Court grant him injunctive relief in the form of money, medical records, and medical treatment.  A temporary restraining order/preliminary injunction protects a party against irreparable harm while preserving the status quo until a decision on the merits can be made.  *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).  In order to obtain injunctive relief, Plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest.  *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (1990).   "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites;  [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'"  *United States v.*

*Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983)  (quoting *Canal Authority*, 489 F.2d at 573).

Plaintiff has provided no evidence to the Court to demonstrate that he is likely to prevail on the merits of this case.  Plaintiff has also failed to show that he will suffer irreparable harm if injunctive relief is not issued.   "Any injury is irreparable only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983).  Further, an "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

There is nothing in the record to indicate that Plaintiff's allegations of harm are anything more than speculative.  Plaintiff's Motions state that he is suffering harm because he is in pain from his eyes, and shoulder and back injuries. (Docs. 26, 33).  He claims that Dr. Ayers, a doctor at Calhoun State Prison, has not provided Plaintiff with medication or sufficient treatment for his alleged injuries.  Plaintiff states that Dr. Ayers should have sent Plaintiff to specialists for his eyes, back, and shoulder, and should have ordered x-rays.  (*Id.*).

Plaintiff has not provided any evidence that he is suffering from any injuries that need treatment beyond what has been provided for him, or that a lack of additional treatment will cause actual and imminent harm. Further, Plaintiff's statements are speculative and remote, and do not show that Plaintiff's alleged injuries cannot be addressed through monetary remedies.

As Plaintiff has failed to show that he will suffer irreparable injury unless the Court issues injunctive relief, the undersigned RECOMMENDS that Plaintiff's Motions for Injunctive Relief be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Amend (Doc. 42)*

Plaintiff filed this Motion to Amend on September 8, 2011. Plaintiff is seeking to add the following additional Defendants: Joseph Baden, the Warden at Calhoun State Prison, Christopher Railey, the Deputy Warden of Security, Christine Cross, the Deputy Warden of Care and Treatment, and Sergeant Christian[1] because these individuals did not check on him after the alleged use of force or sexual assault.

Plaintiff filed his initial Complaint on June 8, 2011, waivers of service were executed and returned by two of the original Defendants, and the same two Defendants filed their Motion to Dismiss on October 26, 2011. (Docs. 1, 44, 45, 48).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
>    A party may amend its pleading once as a matter of course within:
>       (A) 21 days after serving it, or
>       (B) if the pleading is one to which a responsive pleading is required,
>       21 days after service of a responsive pleading or 21 days after service
>       of a motion under Rule12(b), (e), or (f), whichever is earlier.

Plaintiff's Motion to Amend is timely under Rule 15(a)(1). While the Motion to Amend was filed more than twenty-one (21) days after the Complaint and waivers of service were mailed to Defendants, Plaintiff filed his Motion to Amend prior to the filing of Defendants' Rule 12(b) Motion to Dismiss. Thus, Plaintiff's Motion to Amend was timely filed under Rule 15(a)(1)(B). The Court lacks the discretion to reject an amended complaint when the Plaintiff has the right to file an amended complaint as a matter of course. *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007). Accordingly, Plaintiff's Motion to Amend his

---

[1] Defendant R. Christian was originally named as a Defendant in Plaintiff's Complaint. Sergeant Christian appears to be a different individual, whom Plaintiff seeks to add as a Defendant.

Complaint is **GRANTED**.

However, even though Plaintiff's Motion to Amend is granted, the claims against the new Defendants remain subject to review and possible dismissal under 28 U.S.C. § 1915A(b). It appears Plaintiff is alleging that these Defendants were deliberately indifferent to Plaintiff's serious medical need because they were "in charge of the[] prison" and did not check on Plaintiff after an alleged use of force and assault. (Doc. 42).

A federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim when it does not include enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, the Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v.*

*Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, the Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). To establish the subjective element, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

Herein, Plaintiff does not allege that these Defendants were aware of the use of force or sexual assault. As there are no allegations that these Defendants had knowledge of Plaintiff's alleged serious medical needs, the Amended Complaint fails to state a claim for which relief can be granted. *See e.g. Woody v. Cronic*, 401 Fed. Appx. 509, 512 (11th Cir. 2010) (affirming dismissal of deliberate indifference claim when the complaint did not allege that the defendant was aware of the serious medical condition). Furthermore, to the extent that Plaintiff is attempting to hold these four Defendants liable because of their supervisory positions, this claim must fail. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (holding a supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability). As Plaintiff has failed to state a claim against Defendants Baden, Railey, Cross, and Sergeant Christian, it is the recommendation of the undersigned that Plaintiff's Amended Complaint be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the

recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO ORDERED AND RECOMMENDED**, this 31st day of October, 2011.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

llf