**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

RANDY GERALD HELTON,       :
       :
     Petitioner,       :
       :
v.       :     Case Nos. 1:11-CV-0077 (WLS)
       :           5:11-CV-0255 (MTT)
       :
GEORGIA DEPARTMENT OF       :
CORRECTIONS, *et al.,*       :
       :
     Respondent.       :
_____:

## ORDER

Before the Court are two Reports and Recommendations (Docs. 19 and 53) from United Magistrate Judge Thomas Q. Langstaff.  The first, filed on August 3, 2011, is a frivolity review pursuant to 28 U.S.C. § 1915A(a).  The second, filed on October 31, 2011, addresses several of Petitioner's pending Motions.  (*See generally* Docket).  The Court's Order is an Omnibus Order that will address a number of Petitioner's pending motions; however, this Order does not address, Respondent's October 26, 2011 Motion to Dismiss or any of Petitioner's Motions filed after November 7, 2011.

### I.    Background

Petitioner, Randy Gerard Helton, filed this action on June 8, 2011.[1]  (Doc. 1).  Petitioner is currently incarcerated in Coffee County Correctional Facility.  Petitioner is serving time on his February 4, 2005, fifteen-year sentence for burglary from Barrow County.  Throughout the pendency of this litigation, Petitioner has filed numerous motions, including two Motions for Injunctive Relief.  (*See* Docket).  As best the Court can tell, Petitioner makes claims relating to

---

[1] The Court notes that the related case, <u>Helton v. Christian</u>, 5:11-CV-0255-MTT, was consolidated into this action by United States District Court Judge Marc Thomas Treadwell on July 26, 2011.  (Doc. 15).

(1) denial of medical care, (2) retaliation, (3) conspiracy, (4) excessive force and sexual assault, and (5) injunctive relief.  (Docs. 1, 7, 14, and 17).  In sum, Petitioner alleges that the prison staff denied him essential medical care and treatment, retaliated against him for filing grievances related thereto, used excessive force against him, sexually assaulted him, and created an environment of hostility and intimidation as a result of Petitioner's complaints regarding his treatment by the staff.  (Id.)  The Court now considers the Report and Recommendations related to Petitioner's Motions below.

**A. August 3, 2011 Report and Recommendation (Doc. 19)**

In his August 3, 2011, Report and Recommendation (Doc. 19), United States Magistrate Judge Thomas Q. Langstaff recommends that Respondents "Georgia Department of Corrections," and "Medical" at Dooly State Prison and Calhoun State Prison be dismissed because they are not entities subject to suit.  (Doc. 19).  Judge Langstaff, having conducted a review of Petitioner's claims pursuant to 28 U.S.C. § 2254 also finds that only two of Petitioner's claims should survive his initial review.  (Id.)  Petitioner's claims for retaliation and conspiracy against Respondents Sergeant Burks and Remika Christian were sufficiently plead for the purposes of Judge Langstaff's review. (Id.)  Petitioner's remaining claims for constitutional violations arising from denial of medical care, excessive force and sexual assault, and injunctive relief were found to be without merit by Judge Langstaff.  (Id.)

In sum, Judge Langstaff recommends that (1) Respondents "Medical" at Dooly State and Calhoun State Prisons, and Respondent Georgia Department of Corrections be dismissed as improper parties, (2) Petitioner's retaliation and conspiracy claims against Respondents Christian and Burks proceed, and (3) Petitioner's claims for denial of medical care, excessive force and sexual assault, and injunctive relief be dismissed for failure to state a cognizable Constitutional

claim. (Doc. 19).   Regarding Plaintiff's request for injunctive relief, Judge Langstaff notes that because Plaintiff is no longer incarcerated at Dooly State Prison, Plaintiff's claim is mooted by his transfer.  (Id. at 13).  Based on the foregoing, Petitioner's Motion for Injunctive Relief (Doc. 12) should be DENIED, Plaintiff's Motions for Discovery and Appointment of Counsel should be DENIED (Docs. 12 and 16), and Plaintiff's Motion for Trial (Doc. 17) should be DENIED.

Judge Langstaff provided Petitioner fourteen (14) days to file an Objection to the Report and Recommendation.  Petitioner filed several Motions within the response period;[2] however, the Court notes, having reviewed Petitioner's Motions, that Petitioner does not object to Judge Langstaff's findings in his Report and Recommendation (Doc. 19).  Even if Plaintiff's Motions objecting to consolidation of his cases and seeking preliminary injunction could be construed as objections to Judge Langstaff's Report and Recommendation- and they cannot- they do not substantively challenge Judge Langstaff's findings.  (Docs. 23 and 26).

Nothing raised in any of Petitioner's filings (Docs. 23 and 26) has shown that Petitioner's claims for denial of medical care, excessive force and sexual assault, and injunctive relief were erroneously recommended for dismissal based on Judge Langstaff's frivolity review.  Therefore, the Court, in an abundance of caution, finds that Plaintiff's Motions (Doc. 23 and 26), to the extent they relate to the matters in Judge Langstaff's Report and Recommendation (Doc. 19), fail to rebut the legally sound recommendations of Judge Langstaff.[3]  Therefore, any material that may be construed as objection set forth in Petitioner's Motions (Docs. 23 and 26) are **OVERRULED** and United States Magistrate Judge Langstaff's Report and Recommendation

---

[2] See Doc. 23 Response and Objection to the Court's Order (Doc. 15) Consolidating Petitioner's cases; Doc. 26 Motion for Preliminary Injunction.
[3] The Court notes that Petitioner's Motion for Injunctive Relief (Doc. 26) is a recitation of the request found in the Complaint (Doc. 1) and the Supplements to the Complaint (Docs. 7 and 14).  Petitioner requests, among other things, that Sergeant Burks compensate Petitioner for her alleged violations of his rights and that "Medical" provide Petitioner with various documents ("copies of sick call") and obtain specific medical care for Petitioner.

(Doc. 19) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.   Accordingly, Petitioner's claims of constitutional violations arising from a denial of medical care, use of excessive force and sexual assault, and seeking injunctive relief are **DISMISSED**.   Accordingly, Petitioner's Motions challenging the consolidation of his cases (Doc. 23 "Response and Objection to Court Order at Doc. 15"), and seeking a Preliminary Injunction (Doc. 26) related to his claim for excessive force, as discussed above, are **DENIED**.

## B. October 31, 2011 Report and Recommendation (Doc. 53)

In light of the Court's findings herein, the Court notes that Petitioner's only remaining claims are against Sergeant Burks and Remika Christian for retaliation and conspiracy as alleged by Petitioner.   In his October 31, 2011, Report and Recommendation (Doc. 53), United States Magistrate Judge Thomas Q. Langstaff recommends, among other things, that Petitioner's Motions to Appoint Counsel (Docs. 25, 28, 39, 47, and 50) be denied because Petitioner has no right to counsel in § 1983 actions.   (Doc. 53 at 1).   Judge Langstaff also recommends that Petitioner's Motion for Production (Doc. 41) be Denied, Defendant's Motion to Stay Discovery be Granted-in-part, Petitioner's Motions for Injunctive Relief (Docs. 26 and 33) be Denied, Petitioner's Motion to Amend (Doc. 42) be Granted, and that Petitioner's Amended Complaint be Dismissed-without prejudice.

As Judge Langstaff discussed, prisoners pursuing § 1983 have no right to counsel.   Bass v. Perrin, 170 F.3d 1312 (11th Cir. 1999).   In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.   See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989).   As Judge Langstaff found, in the present case, the essential facts and legal doctrines in this case are

4

ascertainable by the Petitioner without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Petitioner.  (Doc. 53).  The Court agrees with Judge Langstaff.  Thus, the Court, when necessary, will consider assisting Petitioner in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

The Court also agrees with Judge Langstaff regarding the discovery related Motions filed by Petitioner and Respondent.  (Doc. 53).  Judge Langstaff recommends that Petitioner's Motion for Production (Doc. 41) be Denied.  The Court notes that the claims related to Petitioner's Motion relate solely to Plaintiff's excessive force and sexual assault claims, which the Court previously found to be without merit.  Judge Langstaff also recommends that Respondents' Motion to Stay Discovery (Doc. 49) be Granted-in-part.  Consistent with the findings of Judge Langstaff, the Court finds that a partial discovery stay is necessary and adopts his recommendation as set forth in the Report and Recommendation (Doc. 53).

The Court, having addressed Petitioner's Motion for Injunctive Relief (Doc. 26) above, now considers Petitioner's (Second) Motion for Injunctive Relief (Doc. 33).  Judge Langstaff recommends that Petitioner's Motion for Injunctive Relief (Doc. 33) be Denied based on Petitioner's failure to show that he meets the legal standards required to obtain injunctive relief. Petitioner's Motion (Doc. 33) requests injunctive relief in the form of requiring "Medical" and "Doctor Ayers" to provide specific medical treatment, including an X-ray, to Petitioner for pain in his right shoulder.  (Doc. 33 at 1).  Unlike Petitioner's previous Motion, the instant Motion is not mooted by a transfer, as Petitioner is seeking relief against those who work where he is currently incarcerated.

5

The Court notes, as discussed by Judge Langstaff, injunctive relief is an extraordinary, almost Draconian-like remedy, which the Court does not find appropriate in this case.  Simply put, Petitioner has not demonstrated that the facts and circumstances as set forth in his Motion warrant this extraordinary remedy.  For these reasons, the Court agrees with Judge Langstaff, Petitioner's Motion for Injunctive Relief (33) should be and is Denied.

Finally, the Court, having considered the arguments within Petitioner's Motion to Amend (Doc. 42) agrees with Judge Langstaff and finds that Petitioner's Motion to Amend (Doc. 42) should be Granted.  However, the claims found in Petitioner's Amended Complaint do not set forth a claim for relief- as Judge Langstaff found in his initial frivolity review.  The Court finds, consistent with Judge Langstaff's findings, that Petitioner has failed to plead sufficient claims of deliberate indifference to a serious medical need, made pursuant to 42 U.S.C. § 1983, for denial of mental health and medical treatment.  Thus, Petitioner's Amended Complaint, as construed and encompassed by the new allegations found in his Motion to Amend (Doc. 42) should be, and is Dismissed.

Judge Langstaff provided the parties fourteen (14) days to object to the findings as stated in his Report and Recommendation (Doc. 53).  During that time, Petitioner filed several Responses, the majority addressing Defendant's Motion to Dismiss (Doc. 48).  The Court, in an abundance of caution, will construe Petitioner's Responses (Docs. 55, 56, 57, and 58) filed within the appropriate time period, as Objections to the extent they address the matters found in Judge Langstaff's October 31, 2011 Report and Recommendation.

As best the Court can tell, Petitioner objects to any finding that relates to the insufficiency of his claims. (Docs. 55, 56, 57 and 58).  Petitioner states that the alleged constitutional violations are continuing and states that his claims should not be dismissed- for

any reason- due to the nature of these alleged violations.  (Id.)  The Court has carefully reviewed Petitioner's Responses (Docs. 55, 56, 57 and 58).  The Court notes that, even though the Responses are not formal objections, the Court has considered the Responses as such in an abundance of caution and to ensure that all of Petitioner's possible arguments and objections are considered by the Court.  Again, as the Court previously found, Petitioner's Motions and Responses fail to substantively challenge Judge Langstaff's findings.  (Id.)

Nothing raised in any of Petitioner's filings (Docs. 55, 56, 57 and 58) overcome Judge Langstaff's findings, including those related to the denial of counsel, and the dismissal of the Amended Complaint's claims relating to allegations against new Respondents for denial of medical care, excessive force and sexual assault.  Therefore, to the extent Petitioner's objections even relate to the matters in Judge Langstaff's Report and Recommendation (Doc. 53), these arguments and objections fail to rebut the legally sound recommendations of Judge Langstaff.

Therefore, any material that may be construed as objection set forth in Petitioner's Motions (Docs. 55, 56, 57 and 58) are **OVERRULED** and United States Magistrate Judge Langstaff's Report and Recommendations (Doc. 53) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Petitioner's Motions to Appoint Counsel (25, 28, 39, 47, and 50) are **DENIED**.  Petitioner's Motion for Production (Doc. 41) is also **DENIED**.  Respondents' Motion to Stay Discovery (Doc. 49) is **GRANTED-in-part** and **DENIED-in-part**.  Petitioner's (Second Motion) for Injunctive Relief (Doc. 33) is **DENIED**. Petitioner's Motion to Amend (Doc. 42) is **GRANTED**; however, in light of Petitioner's failure to set forth cognizable claims as found in the Motion to Amend (Doc. 42), these additional claims are **DISMISSED-without-prejudice**.

## II.   Conclusion

For the reasons state herein, United States Magistrate Judge Langstaff's Report and Recommendations (Doc. 19 and 53) are **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.   Accordingly, Petitioner's claims constitutional violations arising from a denial of medical care, use of excessive force and sexual assault, and seeking injunctive relief are **DISMISSED**.   Accordingly, Petitioner's Motions challenging the consolidation of his cases (Doc. 23 "Response and Objection to Court Order at Doc. 15"), and seeking a Preliminary Injunction (Doc. 26) related to his claim for excessive force, as discussed above, are **DENIED**.  Accordingly, Petitioner's Motions to Appoint Counsel (25, 28, 39, 47, and 50) are **DENIED-without-prejudice**.   Petitioner's Motion for Production (Doc. 41) is also **DENIED**.   Respondents' Motion to Stay Discovery (Doc. 49) is **GRANTED-in-part** and **DENIED-in-part**.   Petitioner's (Second Motion) for Injunctive Relief (Doc. 33) is **DENIED**. Petitioner's Motion to Amend (Doc. 42) is **GRANTED**; however, in light of Petitioner's failure to set forth cognizable claims as found in the Motion to Amend (Doc. 42), these additional claims are **DISMISSED-without-prejudice**.

**SO ORDERED**, this  26th  day of March, 2012.


**/s/ W. Louis Sands**
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**