**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| RANDY HELTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | :   1 : 11-CV-77 (WLS) |
| | : |
| SERGEANT BURKS, *et al.,* | : |
| | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Defendants' Partial Motion to Dismiss, and several miscellaneous motions filed by Plaintiff. (Docs. 48, 54, 56, 57, 60, 61, 65, 66, 67, 70, 74, 75).

**Background**

Plaintiff filed this action alleging that Defendant Remika Christian, the Deputy Warden of Care and Treatment at Dooly State Prison ("DSP"), retaliated against Plaintiff because Plaintiff "wrote Mrs. Christian up for lieing [sic] and being a raciale's [sic] and not doing her job[.]" (Doc. 1). Plaintiff maintains that Defendant Christian told Plaintiff that she was transferring him to Calhoun State Prison ("CSP") to "let [her] husband deal with [him]." Plaintiff was transferred to CSP and, upon arrival, Plaintiff alleges that non-party "Mr. Christian" told Plaintiff that he was going to have Plaintiff beat up because Plaintiff "wrote his wife up."

At some point while at CSP, Plaintiff states that he was written up and had to go to "D.R. Court". While at D.R. Court, Plaintiff alleges that Defendant Jada Burks, a Sergeant at CSP, grabbed Plaintiff from behind, slammed him into the wall and some lockers, grabbed his buttocks, and whispered in his ear, "I told you I can do anything I want to you[.]" Plaintiff maintains that

he was handcuffed behind his back when the alleged excessive force and sexual assault took place. As a result of the alleged use of excessive force and sexual assault, Plaintiff states that he has suffered permanent injuries to his back and shoulders.

In the initial review, the undersigned determined that Plaintiff successfully plead a claim of retaliation against Defendant Christian, a claim of excessive force and sexual assault against Defendant Burks, and a claim of conspiracy against Defendants Christian and Burks.  (Doc. 19, adopted in Doc. 71).  Defendants' pending Partial Motion to Dismiss asserts that the claims of retaliation and conspiracy should be dismissed as Plaintiff did not exhaust the administrative remedies available to him.  (Doc. 48).  The Partial Motion to Dismiss does not address the claim of excessive force and sexual assault alleged against Defendant Burks.

*Motion to Dismiss (Doc. 48)*

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level"  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

*Exhaustion of Administrative Remedies*

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must

exhaust all available administrative remedies prior to filing a federal action.  The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's Responses reveals a conflict.  In Plaintiff's Responses, Plaintiff maintains that he completed the grievance process for the retaliation and excessive force claims.  (Docs. 55, 57, 58, 60).  Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims of retaliation and conspiracy, but successfully exhausted his administrative remedies for the excessive force claim. (Doc. 48).  Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis.  In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper."

*Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep=t of Corrections SOP IIB05-001 § VI. Administrative remedies must be exhausted at the time the legal action is brought. *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Defendants contend, and support with an affidavit from the Grievance Coordinator at CSP, that Plaintiff did not exhaust any grievances regarding the allegations of retaliation and conspiracy stated in the Complaint. (Doc. 48-2, Spann Affidavit). The affidavit testimony establishes the presence of a grievance system, and that Plaintiff filed several grievances while housed at DSP and CSP. (*Id.*). Defendants have provided the Court with copies of the grievances that relate to the allegations contained in the Complaint. (Doc. 48-4).

While housed at DSP, Plaintiff filed grievance number 80649 in early March 2011, wherein Plaintiff complained that he had not been seen by medical. (Doc. 48-4, p. 15). Once transferred to CSP, Plaintiff filed grievance numbers 82751, 86035, and 86785, complaining that he needed to be placed in protective custody because his life was in danger at CSP. (*Id.* at pp. 23, 28, 31). Plaintiff also filed grievance number 86788, alleging that non-party Mr. Warren breached security by showing an orderly Plaintiff's request for protective custody. (*Id.* at p. 38).

The above stated grievances are not complaining of the facts underlying the retaliation or conspiracy claims alleged in Plaintiff's Complaint. Therefore, any exhaustion of the aforementioned grievances is not relevant to the question of whether Plaintiff's retaliation and conspiracy claims were properly exhausted.

Plaintiff filed grievance number 86937 on May 16, 2011 alleging that Defendant Burks

grabbed Plaintiff's handcuffs and touched Plaintiff in a sexual way in DR Court. (*Id.* at p. 41).  It appears that grievance number 86937 was exhausted; however, Defendants have not asserted that Plaintiff failed to exhaust the administrative remedies available to him regarding the claim of excessive force and sexual assault alleged against Defendant Burks. (Doc. 48-1).  Therefore, the Court need not address any exhaustion regarding grievance number 86937.

Plaintiff also filed informal grievance number 80282 on March 2, 2011, complaining that he had not been seen by medical, and alleging that Defendant Christian was discriminating against Plaintiff because he was white.  (Doc. 48-4 at p. 4).  The informal grievance was not resolved, and Plaintiff filed a formal grievance alleging the same complaints.  (*Id.*).  It appears Plaintiff's formal grievance was rejected, and Plaintiff then filed an appeal.  (*Id.*).  In his appeal, Plaintiff alleged for the first time that Defendant Christian sent Plaintiff to CSP, where her husband works, and that he then feared for his life. (*Id.*).

While it appears Plaintiff may have exhausted grievance 80282, Plaintiff did not properly grieve the allegation that Defendant Christian transferred Plaintiff to CSP out of retaliation.  In order to properly exhaust administrative remedies, Plaintiff must follow the procedural guidelines in place. *See Woodford*, 548 U.S. at 90 (proper exhaustion requires the plaintiff to comply with procedural rules).  Herein, Plaintiff did not file an informal grievance or a formal grievance complaining that he was being retaliated against by Defendant Christian.  Plaintiff cannot simply assert a new issue at the appeal level of his grievance and then claim that he exhausted that issue. *See Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("a prisoner who does not properly take each step within the administrative process has failed to exhaust" administrative remedies).  As Plaintiff did not use all steps of the grievance process to grieve his retaliation claim, grievance 80282 does not satisfy the exhaustion requirements.

5

Additionally, Plaintiff failed to file a grievance complaining of a conspiracy between Defendants Christian and Burks. The Court notes that Plaintiff does not allege in his Responses to Defendants' Partial Motion to Dismiss that he exhausted his administrative remedies regarding the conspiracy claim. (*See* Docs. 55, 57, 58, 60). Furthermore, Defendants have presented unrefuted evidence that Plaintiff did not grieve this issue. As Plaintiff did not file any grievances related to his claim that Defendants conspired to violate his constitutional rights, Plaintiff did not exhaust his administrative remedies regarding this claim.

The Court finds that Plaintiff has not exhausted the retaliation or conspiracy claims in this lawsuit, in that, he failed to utilize the available administrative remedies to grieve these alleged offenses of Defendants. As such, Plaintiff's claims of retaliation and conspiracy must be dismissed.

*Failure to State a Claim*

Defendants also assert that Plaintiff's Supplement to his Complaint (Doc. 30) should be dismissed as Plaintiff has failed to state a claim of deliberate indifference to a serious medical need against Defendant Christian. (Doc. 48-1). After reviewing Plaintiff's Supplement to his Complaint, it appears that Plaintiff is merely restating his claims of retaliation and conspiracy, and has not stated a new claim of deliberate indifference. (Doc. 30). As the undersigned found that Plaintiff did not exhaust the administrative remedies available to him regarding the claims of retaliation and conspiracy, Plaintiff's Supplement to his Complaint must also be dismissed.[1]

---

[1] Defendants also maintain that Plaintiff's Amended Complaint (Doc. 42) should be dismissed for failure to state a claim. On March 26, 2012, the district judge adopted a Report and Recommendation which recommended dismissal of Plaintiff's Amended Complaint. (Doc. 71). Therefore, Defendants' argument that the Amended Complaint be dismissed is moot as it has already been dismissed.

**Conclusion**

The undersigned finds that Plaintiff has failed to exhaust the administrative remedies available to him regarding his claim of retaliation against Defendant Christian and his claim of conspiracy against Defendants Christian and Burks.   The undersigned also finds that Plaintiff has simply restated his retaliation and conspiracy claims in his Supplement to his Complaint. Accordingly, it is the recommendation of the undersigned that Defendants' Partial Motion to Dismiss be **GRANTED** as to the issue of exhaustion and as to Plaintiff's Supplement to his Complaint.   The undersigned further recommends that Defendants' argument that Plaintiff's Amended Complaint (Doc. 42) be dismissed be found to be moot.   The Court notes that if the district judge assigned to this case adopts this Recommendation, the claim of excessive force and sexual assault against Defendant Burks remains in the case.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Injunctive Relief (Docs. 65, 67, 70)*

Plaintiff has filed three Motions requesting various types of immediate relief from the Court. Plaintiff requests the Court order prison officials to allow Plaintiff be seen by a "free world doctor" (Doc. 65, 70), order prison officials to follow the correct grievance procedures at Coffee County Correctional Facility ("CCF") (Docs. 67, 70), and issue an order that protects Plaintiff from being killed by "CCA" and Georgia Department of Corrections (Doc. 70).

A temporary restraining order/preliminary injunction protects a party against irreparable harm while preserving the status quo until a decision on the merits can be made.   *Canal Authority*

7

*of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).   In order to obtain injunctive relief, Plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest.   *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (1990).   "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'"   *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority*, 489 F.2d at 573).

Plaintiff has provided no evidence that demonstrates that he is likely to prevail on the merits of any of these claims.   In fact, Plaintiff has provided only vague, conclusory statements telling the Court that he wants the Court to help fix his problems.   Without more than blanket allegations, there is no evidence to show that Plaintiff will likely prevail on the merits of these allegations.

Furthermore, Plaintiff has not shown that the conduct at issue is imminent and there is no other relief or compensation available.   "Any injury is irreparable only if it cannot be undone through monetary remedies."   *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983).   Further, an "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).   Plaintiff has failed to provide the Court with evidence that he will suffer any injury if

8

he is denied access to the grievance process, and not seen by a "free world doctor". Additionally, while Plaintiff asks that the Court not let him "get killed", Plaintiff has alleged a fear of injury that is, at best, remote and speculative. Accordingly, Plaintiff has failed to prove that he will suffer irreparable harm if injunctive relief is not issued.

As Plaintiff has failed to show that he will likely prevail on the merits or suffer irreparable injury unless the Court issues injunctive relief, the undersigned recommends that Plaintiff's Motions requesting immediate relief through Court order (Docs. 65, 67, 70) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motions for Appointment of Counsel (Docs. 54, 57, 61, 70, 75)*

Plaintiff filed several documents in which he requests appointment of counsel. Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable

by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court notes that it has already denied at least six (6) Motions for Appointment of Counsel.  (*See* Doc. 53).   The new Motions for Appointment of Counsel do not set forth any exceptional circumstances that would persuade the Court to now appoint counsel for Plaintiff. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff=s Motions requesting appointment of counsel (Docs. 54, 57, 61, 70, 75) are **DENIED**.

### *Discovery Requests (Docs. 56, 65)*

Plaintiff has filed two "Motions" wherein he requests the Court help him obtain his entire medical file, and require James Spann to "give [Plaintiff] an affidavit".   Pursuant to this Court's Order dated August 3, 2011, discovery was to commence when an Answer or a dispositive motion was filed and was to be completed within 90 days, unless extended by Order of the Court upon a showing of good cause. (Doc. 19).   A Partial Motion to Dismiss was filed by Defendants on October 26, 2011. (Doc. 48).   On October 31, 2011, the Court ordered a stay of discovery, except for discovery regarding Plaintiff's exhaustion of administrative remedies, until Defendants' Partial Motion to Dismiss was resolved by order of a district judge. (Doc. 53).

Plaintiff has now requested discovery documents that violate the Court's temporary stay of discovery. The Court also notes that Plaintiff is responsible for investigating and prosecuting his case, and as such the Court will not order James Spann to give Plaintiff an affidavit.   It is the responsibility of Plaintiff to conduct his own discovery; it is not for the Court to conduct Plaintiff's

discovery for him. Accordingly, Plaintiff's Motions requesting the Court order medical to give him a copy of his medical records and order James Spann to provide an affidavit are hereby **DENIED**.

### *Motion to Defendants Answer's [sic] (Doc. 66)*

Plaintiff filed a Motion to Defendants Answer's [sic] on February 13, 2012. As Plaintiff appears to be responding to Defendants' Answer, and reiterating his claims for relief, Plaintiff's Motion to Defendants Answer's [sic] presents nothing for the Court's determination and is hereby **DENIED** as moot.

### *Miscellaneous Motions (Docs. 56, 60, 61)*

On November 1, 2011, Plaintiff filed a response wherein he requested the Court not rule on Defendants' Motion to Stay because Plaintiff was attempting to find legal representation. (Doc. 56). The Court granted-in-part Defendants' Motion to Stay on October 31, 2011, finding that discovery was stayed until the resolution of Defendants' Partial Motion to Dismiss, except as to the issue of exhaustion, which is the only discoverable issue presented in Defendants' Partial Motion to Dismiss. As the granting-in-part of Defendants' Motion to Stay did not affect Plaintiff's ability to find legal representation and adequately respond to Defendants' Partial Motion to Dismiss, Plaintiff's Motion (Doc. 56) is hereby **DENIED**.

Plaintiff filed a Motion on November 23, 2011, asking the Court not to dismiss his claims. (Doc. 60). Plaintiff's Motion is simply a response in opposition to Defendants' Partial Motion to Dismiss, and Plaintiff requests only that the Court not dismiss his case. As Plaintiff has merely misnamed his response to Defendants' Partial Motion to Dismiss, Plaintiff's Motion (Doc. 60) is hereby **DENIED**.

On December 12, 2011, Plaintiff filed a Motion requesting the Court provide him advice on

11

how to proceed in his case. (Doc. 61). Specifically, Plaintiff asks if his case will be dismissed in its entirety if the retaliation and conspiracy claims are dismissed, and what motion Plaintiff should file at this time. The Court cannot provide legal advice or assistance to a party in a case. As such, Plaintiff's Motion requesting legal advice (Doc. 61) is hereby **DENIED**.

*Motions Regarding Review and Recusal (Doc. 74, 75)*

On April 6, 2012, Plaintiff filed a Motion Not to Dismiss requesting the Court "overrule" the undersigned's decision to dismiss Plaintiff's claims of retaliation and conspiracy, and denial of appointment of counsel. As of the date Plaintiff filed this Motion, the undersigned had not filed a recommendation regarding Defendants' pending Partial Motion to Dismiss or ruled on several of Plaintiff's pending Motions, including motions requesting the appointment of counsel and injunctive relief. As the undersigned had not yet ruled on the pending motions, Plaintiff prematurely filed this Motion. Accordingly, Plaintiff=s Motion Not to Dismiss (Doc. 74) is **DENIED**.

On April 27, 2012, Plaintiff filed another Motion stating that he would like to find a way to have the undersigned removed from his case because the undersigned "over[r]ules or dismiss[es]" all of Plaintiff's Motions. (Doc. 75). Specifically, in regard to this case, Plaintiff states that the undersigned dismissed the excessive force and sexual assault claim alleged against Defendant Burks. Plaintiff also alleges that the undersigned is in a conspiracy with Defendants because he has not ruled on Plaintiff's pending motions. As the undersigned allowed the claim of excessive force and sexual assault against Defendant Burks to proceed beyond the initial review (Doc. 19) and has now ruled on Plaintiff's pending motions, this Motion (Doc. 75) is hereby **DENIED** as moot.

**SO ORDERED AND RECOMMENDED**, this 4th day of May, 2012.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

llf