IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RANDY HELTON, | : |
| Plaintiff, | : |
| VS. | : 1 : 11-CV-77 (WLS) |
| SERGEANT BURKS, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Plaintiff's Motion for Summary Judgment, Motion for Damages, and Motion for Appointment of Counsel. (Docs. 80, 77, 82).

*Motion for Summary Judgment (Doc. 80)*

Plaintiff filed a Motion requesting that he be granted summary judgment. "A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact." *Id.* Plaintiff has not provided any evidence or argument to show there is no genuine dispute as to any material fact. Therefore, it is the recommendation of the undersigned that Plaintiff's request for summary judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Damages (Doc. 77)*

On May 18, 2012, Plaintiff filed a Motion requesting Defendant Burks pay Plaintiff

compensatory, punitive, and emotional damages in the sum of $32,000,900,99.99 (sic). Plaintiff has asserted a claim for damages in his Complaint, and thus, it is not necessary to file a Motion for Damages. Furthermore, the Court will not award damages to Plaintiff prior to the resolution of the claims alleged against Defendant Burk. Accordingly, Plaintiff's Motion for Damages is hereby **DENIED**.

*Motion for Appointment of Counsel (Doc. 82)*

On August 17, 2012, Plaintiff filed yet another letter requesting appointment of counsel. Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court notes that it has already denied at least eleven (11) Motions for Appointment of Counsel. (*See* Docs. 53, 76). The new Motion for Appointment of Counsel does not set forth any exceptional circumstances that would persuade the Court to now appoint counsel for Plaintiff. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when

it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, Plaintiff=s Motion for Appointment of Counsel is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 27th day of September, 2012.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf