**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| RANDY HELTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-CV-77 (WLS) |
| | : | |
| SERGEANT BURKS, *et al.* | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## **ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed May 4, 2012 (Doc. 76), and an "Objection" (Doc. 77) to Judge Langstaff's September 27, 2012 Report and Recommendation (Doc. 86), which was previously adopted by this Court on November 13, 2012 (Doc. 89). Though the Court addressed the September 27, 2012 Report and Recommendation, the May 4, 2012 Report and Recommendation was overlooked.

As for the "Objection" to the September 27, 2012 Recommendation, the Court has only recently become informed that Plaintiff intended for his "Motion for Damages" (Doc. 77), filed shortly after entry of Judge Langstaff's September 27, 2012 Report and Recommendation, to serve as his objection to the Recommendation. (Doc. 90).

Accordingly, this Order will address the May 4, 2012 Report and Recommendation (Doc. 76), as well as Plaintiff's "Objection" (Doc. 77) to the previously adopted September 27, 2012 Report and Recommendation (Doc. 86).

1

### A. May 4, 2012 Report and Recommendation

On October 26, 2011, Defendants Remika Christian and Jada Burks moved the Court for a partial dismissal of Plaintiff's claims on the basis of Plaintiff's failure to exhaust administrative remedies related to his retaliation and conspiracy claims. (Doc. 48). Specifically, Defendants requested that Plaintiff's Supplemental Complaint (Doc. 30) and Amended Complaint (Doc. 42) be dismissed for failure to state a claim. (Doc. 48).

Judge Langstaff issued his Report and Recommendation on May 4, 2012. (Doc. 76). Therein, Judge Langstaff recommended that Defendants' Partial Motion to Dismiss (Doc. 48) be granted as to the issue of exhaustion and as to Plaintiff's Supplement to his Complaint (Doc. 30), and that Defendant's request that Plaintiff's Amended Complaint (Doc. 42) be dismissed be found as moot by virtue of this Court's prior dismissal of Plaintiff's Amended Complaint (*See* Doc. 71, adopting Judge Langstaff's October 31, 2011 Recommendation that Plaintiff's Amended Complaint be dismissed). Per Judge Langstaff, Plaintiff failed to exhaust administrative remedies for his retaliation claim against Defendant Christian and his conspiracy claims against Defendants Christian and Burks. (Doc. 76 at 7). Judge Langstaff also recommended that Plaintiff's Motions for Injunctive Relief (Docs. 65, 67, 70) be denied. Judge Langstaff noted that, if the Court adopts his recommendations, the only claim that would remain in this case would be the excessive force and sexual assault claims against Defendant Sergeant Burks.

On May 18, 2012, Plaintiff filed a document entitled "Motion and My Fanile [sic] Brief." (Doc. 77). Therein, Plaintiff reiterated his request to be seen by a "free world doctor," restated his allegations against Defendants, and requested compensatory, punitive and emotional damages. (Doc. 77). Despite its failure to read like an "objection," out of an abundance of

2

caution, this Court will construe Plaintiff's Motion as an objection[1], though the only statement that could be remotely construed as a response to Judge Langstaff's Recommendation is Plaintiff's statement that he did exhaust administrative remedies for Defendant Christian, as well as Defendant Burks. (*Id.* at 1). Nevertheless, this statement, without any accompanying evidence demonstrating actual exhaustion to refute Judge Langstaff's findings, is insufficient to sustain Plaintiff's objection.

Therefore, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 76) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Defendants' Partial Motion to Dismiss (Doc. 48) is **GRANTED** as to the issue of exhaustion and as to Plaintiff's Supplement to his Complaint (Doc. 30); Defendants' request that Plaintiff's Amended Complaint (Doc. 42) be dismissed is **MOOT** by virtue of this Court's prior dismissal of Plaintiff's Amended Complaint; and Plaintiff's Motions for Injunctive Relief (Docs. 65, 67, 70) are **DENIED**.

## B. September 27, 2012 Report and Recommendation

The Court will also briefly address its previous adoption of Judge Langstaff's September 27, 2012 Report and Recommendation (Doc. 86), which recommended denial of Plaintiff's Summary Judgment Motion (Doc. 80). (Doc. 86). In his Recommendation, Judge Langstaff concluded that summary judgment was not appropriate since Plaintiff did not provide any evidence or argument to show an absence of genuine material fact. (*Id.* at 1). This Court initially concluded that no objection was filed by October 11, 2012. (Doc. 89). Therefore,

---

[1] The Court notes that Plaintiff's Motion for Damages (Doc. 77) was treated as a motion by Judge Langstaff and denied on September 27, 2012, as part of Judge Langstaff's Order and Recommendation (Doc. 86). Nevertheless, the Court is addressing any portion of Plaintiff's already resolved motion that may be construed as an objection to Judge Langstaff's May 4, 2012 Recommendation (Doc. 76).

3

concurring with Judge Langstaff's findings and finding an absence of a properly filed objection, this Court adopted Judge Langstaff's recommendation. (*Id.*)  Plaintiff has since informed the Court that he intended for his "Motion for Damages" (Doc. 87) to serve as his objection. (Doc. 90).  The Court has reviewed Plaintiff's "Objection" (Doc. 87) and his Motion for Objection (Doc. 90) and finds that neither document provides the Court with any reason to reconsider its Order adopting Judge Langstaff's recommendation to deny Plaintiff's Motion for Summary Judgment.  Accordingly, Plaintiff's "Motion for Objection" (Doc. 90) and October 12, 2012 Objection (styled as a "Motion for Damages") (Doc. 87) are overruled, and the Court's Order denying Plaintiff's Motion for Summary Judgment (Doc. 89) stands.[2]

**SO ORDERED**, this  7th  day of December, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[2] This Order is not intended to interfere with Judge Langstaff's consideration of Documents 87 and 90 as motions. This Court only considered Documents 87 and 90 to the extent necessary to address any objections contained therein. No other consideration was given to the substance of these motions, and the Court makes no finding as to Plaintiff's claimed entitlement to relief.

4