IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RANDY HELTON, | : | |
| Plaintiff, | : | |
| VS. | : | 1 : 11-CV-77 (WLS) |
| SERGEANT BURKS, | : | |
| Defendant. | : | |

ORDER AND RECOMMENDATION

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Plaintiff's Motion for Damages and Motions for Appointment of Counsel, (Docs. 87, 90, 92, 93, 97), and Defendant's Motion for Extension of Time. (Doc. 96).

*Motion for Damages (Doc. 87)*

On October 12, 2012, Plaintiff filed a second Motion requesting Defendant Burks pay Plaintiff compensatory, punitive, and emotional damages in the sum of $17,000,900,99.99 (sic). Plaintiff has asserted a claim for damages in his Complaint, and thus, it is not necessary to file a Motion for Damages.  Furthermore, the Court cannot award damages to Plaintiff prior to the resolution of the claims alleged against Defendant Burks.  Accordingly, Plaintiff's Motion for Damages is hereby **DENIED**.

*Motions for Appointment of Counsel (Doc. 90, 92, 93, 97)*

Plaintiff has filed four Motions requesting appointment of counsel. Generally speaking, no right to counsel exists in § 1983 actions.  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d

15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court notes that it has already denied at least twelve (12) Motions for Appointment of Counsel. (*See* Docs. 53, 76, 86). The new Motions for Appointment of Counsel do not set forth any exceptional circumstances that would persuade the Court to now appoint counsel for Plaintiff. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motions for Appointment of Counsel are **DENIED**.

*Discovery Request (Doc. 93)*

In his January 30, 2013 Motion for Appointment of Counsel, Plaintiff appears to also request the Court compel Mr. Gammage, Ms. Cross, and Mr. Railey to provide Plaintiff with affidavits. First, the Court notes that it is unclear if Plaintiff served discovery on Defendant, or from whom Plaintiff requested the non-party affidavits. Plaintiff has not provided the Court with any information as to why he needs the affidavits of these three individuals. Moreover, Plaintiff has not complied with Rule 37 of the Federal Rules of Civil Procedure or Local Rule 37, in that,

he has not included a statement certifying that he has in good faith conferred or attempted to confer with Defendant to resolve any discovery dispute.   In addition, there is no provision in the Federal Rules of Civil Procedure whereby Plaintiff can require that non-parties provide him with affidavits.   Finally, the Court also notes that Plaintiff is responsible for investigating and prosecuting his case, and as such the Court will not order non-parties to give Plaintiff affidavits.   Accordingly, Plaintiff's request for affidavits from non-parties Gammage, Cross, and Railey is hereby **DENIED**.

### *Motion for Extension of Time (Doc. 96)*

Defendant filed a Motion for Extension of Time to File Dispositive Motions, requesting an additional forty-five (45) days to file dispositive motions. (Doc. 96).   Defendant requests the extension of time because Plaintiff's deposition transcript has just become available and, after Plaintiff's time period to review the transcript is completed, the current due date for dispositive motions will have lapsed.   Upon consideration of Defendant's Motion for Extension of Time to File Dispositive Motions, Defendant's Motion is **GRANTED.**   All dispositive motions must be filed on or before May 23, 2013.

### *Motions for Summary Judgment*

To the extent that Plaintiff is requesting that he be granted summary judgment in his pending Motions, the Court recommends that these requests be denied.   (*See* Docs. 87, 90, 93). "A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought."   Fed. R. Civ. P. 56(a).   Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact."   *Id.*   Plaintiff has not

3

provided any evidence or argument to show that there is no genuine dispute as to any material fact.   Therefore, it is the recommendation of the undersigned that Plaintiff's requests for summary judgment be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 29th day of March, 2013.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf

4