# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

RANDY HELTON, :
:
    Plaintiff, :
:
v. : CASE NO.: 1:11-CV-77 (WLS)
:
SERGEANT BURKS, *et al.* :
:
    Defendants. :
:

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 29, 2013. (Doc. 98.) It is recommended that Plaintiff's Motions for Summary Judgment (Docs. 87, 90, 93) be denied. (Doc. 98 at 3.) No objections were filed within the fourteen-day period provided pursuant to 28 U.S.C. § 636(b)(1). The objection period expired on April 12, 2013. (*See id.*; Docket).

Upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 98) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Motions for Summary Judgment (Docs. 87, 90, 93) are **DENIED**.

To the extent Plaintiff also requests that Judge Langstaff recuse himself from Plaintiff's case, Plaintiff's request for recusal relief is also denied. In his "Motion for Objection," Plaintiff states that Judge Langstaff "has something going on with Ms. Burks, what I don't know . . . I want a new judge." (Doc. 90 at 2.) Plaintiff makes absolutely no showing to support Judge Langstaff's removal. Dissatisfaction and

1

general disagreement with rulings and recommendations of a judge, without more, are not grounds for recusal. *Byrne v. Nezhat*, 261 F.3d 1075, 1102-03 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."); *Goia v. CitiFinancial Auto*, No. 1:10-cv-2405, 2012 WL 1080311, at *4 (N.D. Ga. Mar. 30, 2012) ("Disagreement with 'judicial rulings, routine trial administration efforts, and ordinary admonishments' are insufficient to require a judge's recusal.") (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)). In fact, alleging that a judge should recuse himself and making inflammatory accusations *merely* because one disagrees with the judge's ruling is highly disfavored. *See In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("[A] recusal motion is an improper vehicle to dispute disagreeable adverse rulings. It is a clear abuse of such a pleading.")

At this juncture, the Court finds it appropriate to inform Plaintiff that the duplicative motions he persists in filing are interfering with the orderly administration of this case. Since this case's inception, Plaintiff has filed 16 Motions for Appointment of Counsel (*see* Docs. 24, 25, 28, 39, 47, 50, 54, 57, 61, 70, 75, 82, 90, 92, 93, and 97), all of which have been denied; 5 motions requesting injunctive relief (Docs. 26, 33, 65, 67, and 70); 4 discovery-related motions (Docs. 41, 56, 65, and 93); and a host of other miscellaneous motions.[1] The instant recommendation concerns yet another of Plaintiff's prematurely filed and subsequently denied Motions for Summary Judgment (*see* Docs. 80, 87, 90, and 93). These are just a few examples of Plaintiff's repetitive

---

[1] Plaintiff is noticed that repeatedly filing motions upon the same facts and circumstances already considered and ruled on by the Court is improper.

filings that have resulted in the 98 docket entries forming this case's tortured procedural history.

Though the Court does not see the need to enter any restrictions on Plaintiff's right of access to the Court at this time, the Court thinks it appropriate to inform Plaintiff that the right of access to the courts "is neither unconditional nor absolute." *Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1077-78 (11th Cir. 1986) (en banc)). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III judicial functions." *Procup*, 792 F.2d at 1073–74. For that reason, "[a] litigant 'can be severely restricted as to what he may file and how he must behave in his applications for judicial relief.'" *United States v. Powerstein*, 185 F. App'x 811, 813 (11th Cir. 2006) (quoting *Procup*, 792 F.2d at 1074).

Accordingly, should Plaintiff continue to prosecute his case in a haphazard, excessive fashion, the Court may be forced to impose reasonable restrictions to limit Plaintiff's ability to file pleadings without prior approval, or some other restriction that curtails how Plaintiff may pursue judicial relief. *Procup*, 792 F.2d at 1074 ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."). While the Court is sensitive to the need to provide Plaintiff with a forum to vindicate his constitutional rights, the Court is not required to sit idly by while Plaintiff attempts to inundate the undersigned and Judge Langstaff with unnecessary and duplicative filings that have already been shown to provide Plaintiff with no entitlement to relief. Therefore, Plaintiff is on notice that while

he is entitled to prosecute his case zealously, going forward, he must do so *with reason and caution and appropriately*.

**SO ORDERED**, this  22nd  day of April, 2013.

/s/  W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**
