IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RANDY GERALD HELTON, | : |
| Plaintiff, | : |
| VS. | : |
| | : **1 : 11-CV-77 (WLS)** |
| BURKS, | : |
| Defendant. | : |

## RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on June 8, 2011, raising allegations of excessive use of force and sexual assault by Defendant.  (Doc. 1). Presently pending in this action is Defendant's Motion for Summary Judgment.  (Doc. 100).

### Background

Plaintiff filed this action alleging that, while housed at Calhoun State Prison ("CSP"), he was written up and had to go to "D.R. Court".  (Doc. 1).  During D.R. Court, Plaintiff alleges that Defendant Jada Burks, a Sergeant at CSP, grabbed Plaintiff from behind, slammed him into the wall and some lockers, grabbed his buttocks, and whispered in his ear, "I told you I can do anything I want to you[.]"  (Doc. 1, p. 5).  Plaintiff maintains that he was handcuffed behind his back when the alleged excessive force and sexual assault took place. As a result of the alleged actions, Plaintiff states that he has suffered permanent injuries to his back and shoulders.   All other claims alleged in Plaintiff's Complaint have been dismissed by the district judge assigned to this case.  (Docs. 71, 91).

Defendant filed her Motion for Summary Judgment on May 23, 2013.  (Doc. 100).  On May 24, 2013, the Court notified Plaintiff of the filing of Defendant's Motion for Summary

Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 102).   Plaintiff has failed to file a response to Defendant's Motion for Summary Judgment.

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).   All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party.   *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).   The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed R. Civ. P. 56(e)(3).

**Evidence**

In asserting that she is entitled to summary judgment, Defendant has submitted affidavits from the following individuals: Defendant Burks, Juliette Toombs, Vernon Jessie, Tabitha Whatley, and Alesia Porter. (Doc. 100-3 – 100-7). Defendant has also filed Plaintiff's deposition. (Doc. 100-8, Plaintiff's Depo.).

Defendant's evidence shows that on May 16, 2011, a disciplinary hearing ("DR Court") was held for Plaintiff. (Doc. 100-5, Jessie Aff., ¶ 3). At the hearing, Plaintiff was instructed to stand by the lockers. (Doc. 100-6, Whatley Aff., ¶ 4). "During the DR Court on that date [Plaintiff] became verbally aggressive toward [Defendant] Burks after being told to stand by the locker and listen to the hearing officer." (Doc. 100-5, Jessie Aff., ¶ 3). Plaintiff stated "things like 'you don't know who you're dealing with.'" (Doc. 100-4, Burks Aff., ¶ 6). "In order to make [Plaintiff] comply with the hearing officer's instructions [Defendant] grabbed [Plaintiff's] handcuffs and firmly held [Plaintiff] to prevent him from moving closer to the hearing officer or away from the position where he had been instructed to stand." (*Id.* at ¶ 5). According to Defendant, no other force was used beyond Defendant firmly holding Plaintiff's handcuffs throughout the hearing. (*Id.* at ¶ 7).

Alesia Porter, a licensed practical nurse at CSP, completed a Use of Force Assessment upon examining Plaintiff on May 17, 2011. (Doc. 100-7, Porter Aff., ¶ 3). Plaintiff presented

3

with "complaints of soreness to his right wrist which he reported was related to the use of handcuffs." (*Id.*). Nurse Porter testified that she did not observe any injury to Plaintiff's wrists. (*Id.* at ¶ 4). Plaintiff did not register or show pain with movement during a full range of motion examination of his wrist. (*Id.* at ¶ 5). There were no signs of bruising on Plaintiff's wrists. (*Id.* at ¶ 6). Nurse Porter testified that, in her experience, "if significant force is applied to the handcuffs there will be some bruising on the inmate's wrists." (*Id.*).

While Plaintiff has failed to submit any evidence, the record contains Plaintiff's sworn deposition testimony, submitted by Defendant, with certain sections specifically pointed to and identified by Defendant in support of her summary judgment motion. (Doc. 100-8, Plaintiff's Depo.). Although Plaintiff has not filed a response, Rule 56 clearly allows for the Court's consideration of the entire record when ruling on a motion for summary judgment. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The Eleventh Circuit has also recognized that courts must consider the record as a whole in ruling on motions for summary judgment. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) ("[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial") (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) ("[i]n opposing summary judgment, the nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole"). The Court is mindful, as well, of Plaintiff's *pro se* prisoner status, which the Eleventh Circuit has noted entitles the Plaintiff's pleadings and briefs to a more liberal construction. *Brown v. Crawford*, 906 F.2d 667,

670 (11th Cir. 1990).  Thus, Plaintiff's sworn deposition testimony is properly considered herein as part of the record as a whole and in deciding Defendant's Motion for Summary Judgment.

During his deposition, Plaintiff testified that when he entered the DR Court he was told to step over to the side in front of a fan while the hearing officer answered his cell phone.  (Doc. 100-8, Plaintiff Depo., p. 23, l. 22 – p. 24, l. 5).  After Plaintiff moved to the side, Defendant told him to move away from the fan.  (*Id.* at p. 24, ll. 10-13).  Plaintiff then told Defendant that she "need[ed] to get [ ] another job if [she] want[ed] to sit up in front of a fan all day."  (*Id.* at p. 24, ll. 13-15).  Plaintiff did not follow Defendant's instructions to move, and instead waited a minute before he kind of stepped to the side.  (*Id.* at p. 28, ll. 2-16).  At that point, Defendant grabbed Plaintiff by his handcuffs and both Plaintiff and Defendant fell into some lockers, "got tangled up", and fell to the floor.  (*Id.* at p. 24, ll. 15-19, p. 28, l. 24 – p. 29, l. 5).  Defendant and non-party Tabitha Whatley picked Plaintiff up off the floor, and Defendant grabbed Plaintiff's buttocks and said that she could do anything she wanted to Plaintiff.  (*Id.* at p. 24, ll. 19-22).

## Discussion

Defendant contends that summary judgment is appropriate in this case because the use of force was justified for the purposes of compelling compliance with a valid order and quelling a prison disturbance.  (Doc. 100-2).  The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined."  *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or

5

restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).   To establish a claim of excessive force, Plaintiff must show that (1) the Defendant acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted.   *Fischer v. Ellegood*, 238 Fed. Appx. 428, 432 (11th Cir. 2007); *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).

   The evidence shows that Plaintiff did not initially follow the instructions to move given to him by Defendant.   In an effort to make him comply with her verbal command, Defendant used minimal force to firmly grip Plaintiff's handcuffs and hold him in the correct place.   The evidence conflicts regarding the events that transpired after Defendant gripped Plaintiff's handcuffs.  Plaintiff testified that Plaintiff and Defendant "got tangled up", and as a result fell into some lockers and onto the floor.   (Doc. 100-8, Plaintiff's Depo., p. 24, l. 18).   Defendant's evidence is that no such fall occurred.   (Doc. 100-4, Burks Aff., ¶ 7).

   When the force in question resulted from an officer attempting to restore control after an inmate disturbance, an Eighth Amendment claim arises *only* if the measure taken "inflicted unnecessary and wanton pain and suffering" caused by force used "maliciously and sadistically for the very purpose of causing harm."   *Whitley*, 475 U.S. at 320.   Plaintiff did not follow an order given by Defendant Burks, which shows a threat to prison safety and a need to restore control over Plaintiff.   *See Soto v. Dickey,* 744 F.2d 1260, 1267 (7th Cir.1984) ("When an inmate refuse[s] to obey a proper order, he is attempting to assert his authority over a portion of the institution and its officials. Such refusal and denial of authority places the staff and other inmates in danger.").   The evidence shows that Defendant grabbed and firmly held Plaintiff's handcuffs after Plaintiff did not obey Defendant's verbal command.   Any resulting fall appears to be an

6

unintentional "tangle".   Thus, construing the evidence in the light most favorable to Plaintiff, force was used to restore order, and was not inflicted to cause Plaintiff unnecessary pain and suffering.

With respect to the injury suffered by Plaintiff, the evidence supports Defendant's contention that the force used was not excessive.   The affidavit of Nurse Porter and Plaintiff's medical records show that the day after the alleged use of force, Plaintiff had no visible injuries. (Doc. 100-7, Porter Aff.).   Plaintiff complained only of pain to his wrist, but upon examination Plaintiff had no bruising, he had full range of motion, and he did not register or exhibit any signs of pain during the range of motion test.   (*Id.* at ¶¶ 4-6).   While Plaintiff complains that he has suffered injuries to his back and shoulders as a result of the incident, there is no evidence to support his assertions.   The evidence fails to show that a more than *de minimis* injury resulted, and thus, an excessive force claim has not been established.   *See Fischer*, 238 Fed. Appx. at 432; *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."); *Oliver v. Falla*, 258 F.3d 1277, 1282 (11th Cir. 2001) ("in an Eighth Amendment case, the plaintiff must show actual injury").

Plaintiff also testified that Defendant grabbed Plaintiff's buttocks and told Plaintiff that she would do anything she wanted to him.   (Doc. 110-8, Plaintiff Depo., p. 24, ll. 19-22).   "[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006).   To establish a claim of sexual abuse, the plaintiff must prove an objective component, "which requires that the injury be 'objectively, sufficiently serious,'" and a subjective component, "which requires the prison official to have a

7

'sufficiently culpable state of mind.'" *Id.* (citing *Boddie v.* Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997)). However, under the Eighth Amendment, "an injury can be 'objectively, sufficiently serious' only if there is more than *de minimis* injury." *Id.*

The only evidence that has been provided to support Plaintiff's allegation shows that there was a one-time touching with a verbal threat. Plaintiff has provided no evidence to show that an injury occurred as a result of the alleged touching. "Defendant [Burks'] one-time touching of Plaintiff's rear, even when combined with a threat of sexual battery, was not objectively harmful enough to establish an Eighth Amendment violation." *Robinson v. Davis*, 2009 WL 153162, * 13 (N.D. Fla., Jan. 22, 2009); *see Jackson v. Madery*, 158 Fed. Appx. 656, 661-65 (6th Cir. 2005) (holding that an allegation of grabbing and rubbing an inmate's buttocks in a degrading manner did not amount to an Eighth Amendment violation). Plaintiff has not shown that the one-time touching and verbal threat were "objectively, sufficiently serious", and thus, has not established an Eighth Amendment claim of sexual assault.

The undisputed evidence shows that Defendant's use of force by firmly gripping Plaintiff's handcuffs was for the purpose of restoring order after Plaintiff was insubordinate and failed to comply with a verbal command to move. There is no evidence showing that force was used maliciously or sadistically to cause Plaintiff harm. Furthermore, there is no evidence to show that, as a result of the force, Plaintiff suffered any injury. Plaintiff has also failed to establish an Eighth Amendment claim of sexual assault. Therefore, Defendant is entitled to summary judgment.

## Conclusion

As Plaintiff has failed to sufficiently rebut Defendant's summary judgment showing, it is the

recommendation of the undersigned that Defendant's Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 22nd day of October, 2013.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**

llf